```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

HASHIJA MUJKIC,

        Plaintiff,
v.                                    Case No. 8:15-cv-2826-T-33TGW

TARGET CORPORATION,

        Defendant.
_____/

## **ORDER**

Defendant Target Corporation removed this slip-and-fall case on December 10, 2015, asserting that the requirements for this Court's exercise of diversity of citizenship jurisdiction have been satisfied. As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

## I. **Legal Standard**

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

II. **Discussion**

In the Notice of Removal, Target predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Target indicates that Plaintiff is a citizen of Florida; however, Target has provided insufficient information with respect to its own citizenship. (Doc. # 1 at ¶ 11). Target states that it is a corporation incorporated under the laws of the State of Minnesota, but does not state the location of its principle place of business. (Id. at ¶ 12). Instead, Target remarks that its principle place of business is "outside the State of Florida." (Id.).

2

Had Target provided adequate information demonstrating that it is completely diverse from Plaintiff, the Court would nevertheless remand the case because Target has also failed to convince the Court, by a preponderance of the evidence, that the amount in controversy has been satisfied at the time of the removal.

In her Complaint, filed on July 24, 2015, Mujkic maintains that she had a slip and fall accident at a Target store located in St. Petersburg, Florida on December 21, 2014. (Doc. # 2 at ¶¶ 6-7). Mujkic indicates in the Complaint that: "This is a civil action for damages in excess of Fifteen Thousand And No/00 ($15,000.00) Dollars, exclusive of interest and costs." (Doc. # 2 at ¶ 1). Mujkic further asserts that as a result of Target's alleged negligence, she suffered:

> bodily injuries resulting in pain and suffering, disability, scarring and disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, loss of earnings, loss of ability to earn money, and expenses for and related to medical care and treatment.

(Id. at ¶ 11).

In the Notice of Removal, Target explains that it was served with the Complaint on August 17, 2015, but that this matter was not initially removable "because the amount in controversy did not exceed" the jurisdictional minimum of

3

$75,000. (Doc. # 1 at ¶ 6). In addition, in the Notice of Removal, Target indicates: "Prior to the filing of the lawsuit, the plaintiff's attorney had produced past medical expenses which were less than $15,000. Although plaintiff's attorney had discussed that her client may need surgery in the future, she provided a note from the physician that the patient 'is not interested in surgery.'" (Id. at ¶ 7).

However, Target suggests that the matter became removable on November 18, 2015, when Mujkic's counsel provided updated information about Mujkic's medical expenses. (Id. at ¶ 8). In the letter, Mujkic's counsel states that Mujkic's physician, Dr. Chen, "has given the opinion, within a reasonable degree of medical probability, that Ms. Mujkic's disc herniation is a permanent injury and is related to the slip and fall. The global cost of a disc decompression surgery ranges from $42,000-$50,000. Her medical bills . . . total [] $16,689.95. . . . She is also scheduled to have the disc decompression surgery on January 8, 2016." (Doc. # 1-1 at 40).

The Court finds that the November 18, 2015, letter is insufficient to meet Target's burden as the removing party. That letter merely shows that Mujkic has incurred $16,689.95 in medical expenses, a figure well short of the jurisdictional minimum.

4

Apparently, Mujkic is scheduled to undergo disc decompression surgery at a later date; however, it should be noted that Mujkic previously declined the surgery.  Even if she does go through with the surgery, the "global cost . . . ranges from $42,000 - $50,000." (Doc. # 1-1 at 40).  The projected future medical expenses, whether taken at the low end of $42,000 or the maximum estimation of $50,000 (when combined with the medical damages so far incurred of $16,689.95) do not meet the jurisdictional threshold of $75,000. See, e.g., Bess v. Day, No. 2:15-cv-550-FtM-99MRM, 2015 U.S. Dist. LEXIS 161891, at *4 (M.D. Fla. Dec. 2, 2015)("Plaintiff's actual damages, however, were only $14,662 . . . . While there are allegations that Plaintiff might incur future medical expenses, including the cost of a surgery, these allegations do not prove . . . that the amount in controversy exceeds $75,000."); compare Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 U.S. Dist. LEXIS 152072, at *8-10 (M.D. Fla. Oct. 27, 2014)(denying motion to remand and finding that the jurisdictional threshold was satisfied when past medical expenses totaled $72,792.93, and the record showed that plaintiff experienced pain and suffering associated with a failed knee replacement after the accident in question); Riner v. Retained Subsidiary One, LLC, No. 7:14-

cv-176, 2015 U.S. Dist. LEXIS 12149, at *8-10 (M.D. Ga. Feb. 3, 2015)(denying motion to remand when past medical expenses reached $52,875.88, with "probable" future surgeries, after a pallet of water fell on plaintiff at his place of employment knocking him into a freezer with such force that his teeth were knocked out and causing plaintiff to sustain injuries causing "pain described as a '10' on a scale of 1 to 10, prevent[ing] him from sleeping, reading, driving, concentrating, performing work, performing recreational activities, and caring for himself."); <u>Wilt v. Depositors Ins. Co.</u>, No. 6:13-cv-1502-Orl-36KRS, 2013 U.S. Dist. LEXIS 167890, at n.11 (M.D. Fla. Nov. 6, 2013)(report and recommendation recommending denial of motion to remand when plaintiff's injury caused medical expenses of $58,500, "require[d] future surgery that will cost in the range of $100,000, and will require at least $5,000 per year for future medical care over her remaining life expectancy of 22.4 years.").

The Court recognizes that in addition to medical expenses, Mujkic has listed the following categories of damages in her Complaint: "bodily injuries resulting in pain and suffering, disability, scarring and disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, loss of

earnings, [and] loss of ability to earn money." (Doc. # 2 at ¶ 11). However, the Court has not been provided with any information about these broad categories of damages. And, the manner in which Mujkic has described these categories of damages is so vague and inexact that the Court would be required to engage in rank speculation to ascribe these damages with any monetary value.

For instance, Mujkic claims the loss of the ability to earn money, but the Court has not been supplied with information as to whether she is employed and, if so, the nature of her wages. Likewise, she claims aggravation of a preexisting condition; however, that condition has not been revealed to the Court. Similarly, she seeks redress for "disability," and other damages, yet the file before the Court lacks information (beyond nebulous generalities) to support these allegations. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip and fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future

7

medical expenses and permanent injury.)

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." <u>Roe v. Michelin N. Am. Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010). As explained above, Target falls short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

This case is **REMANDED** to state court based on the Court's finding that it lacks subject matter jurisdiction. After remand has been effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of December, 2015.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE